IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERNEST JAMES WINKER, an
individual, aggrieved homeowner,

                OPINION AND ORDER

             Plaintiff,

                    13-cv-761-bbc

       v.

H & R BLOCK MORTGAGE CORPORATION,
OPTION ONE MORTGAGE CORPORATION,
J.P. MORTGAGE ACQUISITION CORPORATION
2005-OPT1 ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-OPTI, TRUSTEE,
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR JP MORGAN MORTGAGE
ACQUISITION CORP. 2005-OPT1 ASSET BACKED
PASS-THROUGH CERTIFICATES, SERIES 2005-
OPT1, BY AMERICAN HOME MORTGAGE
SERVICING INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Acting pro se, plaintiff Ernest James Winker is challenging a state court decision to

allow defendant U.S. Bank National Association to foreclose on his house and to sell it at

a sheriff's sale.  He has brought this action against U.S. Bank, N.A. and other defendants,

seeking to set aside what he claims was a fraudulent foreclosure, obtain damages for

attempted conversion and secure a discharge of his alleged loan on the ground that it was

obtained fraudulently through unconstitutional means.  With his proposed complaint, dkt.

#1, he has filed a "motion for temporary restraint of writ of assistance/eviction/ejectment

1

to preserve the status quo." Dkt. #3.

Plaintiff contends that defendants have denied him his right to due process under the Constitution of the United States and violated the Racketeering and Corrupt Organizations Law, 18 U.S.C. § 1962.  He contends that they have also committed fraud through predatory lending, false and erroneous appraisal, false and misleading "new money" creation procedures, robo-signing, unlawful recording procedures, unlawful separation of the original trust deed and promissory note, monetizing of his signature, failure to produce the original note and deed of trust and creating a false public record and broken chain of title to the note.

Plaintiff may have legitimate claims against the various defendants, although it is not entirely clear what they are.  Unfortunately for him, he has chosen the wrong court in which to bring the claims.  In effect, he is arguing that the state court erred in ruling against him and in favor of defendants and allowing them to foreclose on his house.  Such a claim should have been brought in the state court or on appeal from the state court's judgment.  It cannot be brought in this court because the law does not allow lower federal courts to review the judgments of state courts.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Plaintiff's complaint must be dismissed.

ALLEGATIONS OF COMPLAINT

As far as I can determine from the two documents that plaintiff has filed, at some

time he obtained a mortgage loan on his house from defendant H & R Block Mortgage Company.  Sometime before March 24, 2005, defendant Option One Mortgage assumed the obligations of H&R Block Mortgage Company and advertised that it had money to lend. Plaintiff accepted the offer and Option One drew up a contract to assume the liabilities of the promissory note and deed of trust.  Plaintiff relied upon the new contract as being correct and signed it on March 24, 2005.

Subsequently, all of the defendants other than American Home Mortgage Servicing, Inc., opened an account in plaintiff's name by forging his signature and depositing the money for the loan, which they used to fund the alleged loan without creating an offsetting liability.  Thereafter, defendants sent plaintiff monthly bills that had to be paid under threat of foreclosure.  At some point, defendants transferred to defendant U.S. National Bank National Association as trustee for all defendants the note and deed of trust.  Subsequently, defendants sold plaintiff's loan for an origination fee, ending up in the asset column of Option One Mortgage Corporation, J.P. Mortgage Acquisition Corporation 2005-OPT1 Asset Backed Pass-Through Certificates, Series 2005-OPT1, Trustee, U.S. National Bank Association, JPMorgan Chase Bank, N.A., making each defendant a coconspirator.

All of these steps were taken as part of a conspiracy to commit fraud upon plaintiff. Plaintiff can prove this, not only because defendants have no ability to produce any verified accounting of the amount allegedly owed but because they have no ability to produce truthful records "as to where the alleged lawful money that was to be loaned was before it was transferred."  Dkt. #1 at 9.  Furthermore, the alleged loan was created from money

3

laundered by the fraudulent use of plaintiff's signature on the original document.  Id. Defendants deposited the original signed promissory note in a special account showing an entity identified as ERNEST JAMES WINKER.  This entity is not the same entity as plaintiff, who signs his name with a combination of upper and lower case letters.

Defendant U.S. Bank N.A. sent plaintiff a notice of a foreclosure sale with a sale date of January 18, 2013.  Foreclosing on plaintiff's house and land was an act of constructive "conversion," in which each defendant converted its fraudulent paper to real estate, although each had been completely reimbursed for any costs in developing and creating their alleged loan.  Each creditor is guilty of wire and mail fraud for having mailed plaintiff demands for payments and a notice of foreclosure and recorded their telephone calls with him.  Each is also guilty of criminal solicitation.

The state court erred in granting judgment to defendant U.S. Bank, N.A. when defendant did not produce original documents or authenticated documents.  In addition, the court did not have subject matter jurisdiction over the foreclosure action because the land had been forever quit claimed to the private sector with no reservation of rights to any state legislative, executive or judicial department.  Defendant U.S. Bank N.A. was the successful bidder on his home, paying $40,857.00, although plaintiff's house was "ledgered" at $139,188.93.  Plaintiff has no evidence that U.S. Bank, N.A. actually bid money or anything else of value in the foreclosure sale and no evidence that this defendant was the assignee of the original mortgage, but he claims that "unless proven otherwise, the presumed bidding of U.S. Bank N.A. was fraudulent."  Plt's Cpt., dkt. #1, at 17.

Plaintiff adds to his proposed complaint "demands" that each defendant produce admissible evidence showing where the subject "loan money" came from.   <u>Id</u>. at 12.   He adds that defendants have used the signature of Kathy Smith on documents and that Kathy Smith is a well known robo signer, who has assumed many different positions when signing mortgage documents.

OPINION

Although it is not completely clear from plaintiff's complaint, it appears that he is challenging a judgment entered against him in state court in September 2010 and the foreclosure sale that followed in 2012 or 2013; in other words, he is trying to undo the effects of the judgment of foreclosure and resulting sale ordered by the Circuit Court for Lincoln County, Wisconsin.   This effort runs afoul of the <u>Rooker-Feldman</u> doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." <u>Remer v. Burlington Area School District</u>, 205 F.3d 990, 996 (7th Cir. 2000) (<u>Rooker-Feldman</u> doctrine bars federal jurisdiction when plaintiff alleges that her injury was caused by state court judgment) (citing <u>Rooker</u>, 263 U.S. at 415-16; <u>Feldman</u>, 460 U.S. at 482 n.16).   The doctrine "is based upon recognition of the fact that inferior federal courts generally do not have the power to exercise appellate review over state court decisions." <u>Garry v. Geils</u>, 82 F.3d 1362,1365 (7th Cir. 1996).   <u>See also</u> <u>ExxonMobil Corp.v. Saudi Basic Industries Corp</u>., 544 U.S. 280, 284 (2005) (<u>Rooker-Feldman</u> doctrine is confined to

cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before federal district court proceedings commenced and inviting federal district court review of those judgments).  If plaintiff believes that the state court did not act properly, his recourse is in the state appellate system, not in the federal district court, which has no authority to overturn a state court judgment such as the judgment of foreclosure issued by the state court in the Taylor County proceedings.

Plaintiff's filing in this court would fail for another reason: he has not alleged a basis on which this court could exercise jurisdiction even if his case were not barred by the Rooker-Feldman doctrine.  Federal courts are limited to hearing cases in which the plaintiff is raising a federal question, 28 U.S.C. § 1331, or in which the defendants' citizenship is diverse from that of the plaintiff.  28 U.S.C. § 1332.  Plaintiff has not alleged that each of the defendants is a citizen of a state in which he is not a citizen or that he is basing his complaint on federal law.

In fact, the majority of his claims are claims of state law only.  These include his requests for "issuance of a quite title" and the setting aside of the "fraudulent foreclosure," as well as his claims of fraud, deceit and misrepresentation   He does contend that defendants have violated his constitutional right to due process, but this contention does not raise a federal question or any claim at all because it is asserted against non-governmental entities.  The Constitution protects the due process rights of individuals through the Fifth and Fourteenth Amendments, but only against the government or persons "acting under color of state law."  Rendall-Baker v. Kohn, 457 U.S. 830 (1982).  This

means that no individual can be held liable for violating the due process rights of another unless the individual's acts can be attributed to the government. Id. at 840. Because plaintiff has not alleged facts from which the court could find that any of the defendants acted under color of law and he has not alleged any facts that would implicate the government, his complaint does not raise any federal claim.

Plaintiff has contended that defendants have violated the Racketeering and Corrupt Organizations Act, 18 U.S.C. § 1962, by engaging in a pattern of racketeering, denying him due process of law. This contention arises under a federal law, but plaintiff has not pleaded enough allegations of fact to make a claim for relief plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing BellAtlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Plaintiff's complaint does not meet that standard because he has not described what each defendant did or failed to do that would amount to racketeering. In this respect his complaint does not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure and he could not proceed on it even if his complaint was not otherwise barred.


ORDER

IT IS ORDERED that plaintiff Ernest James Winker's complaint for damages and injunctive relief against defendants H&R Block Mortgage Corporation, Option One Mortgage Corporation, J.P. Mortgage Acquisition Corporation, 2005-OPT1 Asset Backed

Pass-Through Certificates, Series 2005-OPT1, Trustee, US National Bank National Association, JPMorgan Chase Bank, N.A., U.S. Bank National Association, as Trustee for JPMorgan Mortgage Acquisition Corp. 2005-OPT1 Asset Backed Pass-Through Certificates, Series 2005-OPT1 by American Home Mortgage Servicing Inc., is DISMISSED for lack of jurisdiction.

Entered this 2d day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8